UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY AND APRIL SOUTHERN,

    Plaintiffs,                                  Civil Action No. 19-CV-10510

vs.                                                HON. BERNARD A. FRIEDMAN

DAVID E. GHANNAM and
DAVID E. GHANNAM, P.C.,

    Defendants.
_____/

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 6]. Plaintiffs have responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a debt collection practices case. Plaintiffs allege that defendants violated their rights under the Fair Debt Collection Practices Act and the Michigan Collection Practices Act in February and March 2018 by making various false representations regarding a debt plaintiffs owed under a land contract, failing to provide a validation notice, leaving harassing and misleading voicemail messages regarding the debt, mailing a harassing and misleading forfeiture notice, and filing a state-court lawsuit claiming amounts not actually owed. They seek damages, costs, and attorney fees.

Defendants seek dismissal on the grounds that they have not been served properly with process and that service was not timely. Under Fed. R. Civ. P. 4(e), an individual may be

served in a manner permitted by state law[1] or personally or by "leaving a copy of [process] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or by "delivering a copy of [process] to an agent authorized by appointment or by law to receive service of process." Under Fed. R. Civ. P. 4(h), a corporation may be served in a manner permitted by state law[2] or by delivering process "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Further, under Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the present case, plaintiffs were required to serve defendants by May 20, 2019, as the complaint was filed on February 19, 2019. Plaintiffs have not shown that either defendant was served by this deadline. Nor have plaintiffs shown good cause for this failure.

Plaintiffs indicate that on April 9, 2019, they mailed a copy of the summons and complaint to defendants along with a request to waive service. Defendants deny receiving this mailing. Whether defendants received it or not is irrelevant for present purposes because defendants did not execute the waivers and therefore plaintiffs were required to serve them with process using

---

[1] Under MCR 2.105(A), an individual may be served in Michigan either personally or by registered or certified mail with "delivery restricted to the addressee" and service being accomplished "when the defendant acknowledges receipt of the mail."

[2] Under MCR 2.105(D), a private corporation may, as relevant here, be served in Michigan by serving an officer or resident agent or by serving "a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation."

one of the methods specified above.

Plaintiffs' counsel indicates that on May 13, he hired a process server, Richard Wolk, to personally serve defendants. Wolk avers that

> 3. On May 14, 2019 at approximately 4:00 p.m. I attempted to serve a lawsuit on David E. Ghannam at his law office located at 15900 Michigan Ave., Dearborn, Michigan.
>
> 4. At that time I spoke with "Dana" who identified herself as a receptionist who works for Mr. Ghannam.
>
> 5. Dana told me that Mr. Ghannam was not present at which time she attempted to call him.
>
> 6. I heard Dana ask Mr. Ghannam if she could accept service on his behalf. Dana then told me that Mr. Ghannam instructed her not to accept service.
>
> 7. Dana further told me that Mr. Ghannam would be present in the office on Thursday, May 16th.
>
> 8. I left a card asking Mr. Ghannam to call me. However, he failed to do so.
>
> 9. On Thursday, May 16, 2019 I returned to Mr. Ghannam's office at approximately 12:12 p.m. and again spoke with Dana who told me that Mr. Ghannam was not present (even though two days prior Dana told me that he would be there at that time), but that she notified him that I was attempting to serve him.
>
> 10. Dana also looked at Mr. Ghannam's schedule and told me that he would be in the office all day on Friday, May 17, 2019.
>
> 11. On Friday, May 17, 2019 I returned to Mr. Ghannam's office and Dana again told me that he was not present. I told Dana that I was instructed to leave a copy of the documents (Summons, Complaint and Jury Demand) with her and she politely accepted them.

Aff. of Richard Wolk, Pl.'s Resp., Ex. 5.

The process server did not properly serve either defendant with process. As noted,

the individual defendant had to be served either personally or by certified or registered mail or by leaving process with a responsible person at his home or by leaving process with an authorized agent. The corporate defendant had to be served on an agent, officer, director, or trustee by registered mail. None of these things occurred. Rather, Wolk attempted but failed to make personal service and then left process with a receptionist. Plaintiffs could have petitioned the Court to permit them to serve defendants in some other way "reasonably calculated to give [them] actual notice of the proceedings and an opportunity to be heard," MCR 2.105(H)(1), but they did not do so.

Two weeks after the ninety-day service deadline expired, plaintiffs' attorney "personally handed Ghannam a copy of the Summons and Complaint" after the two attended a conference at the state court in the underlying land contract action. Pls.' Resp. at 6. Defendants argue that service under these circumstances was prohibited by Mich. Comp. Laws § 600.1835[3] because when served Ghannan was "going to, attending, or returning from, [a] court proceeding[]." Plaintiffs note that this statute applies only to persons "if service could not have been made on them had they not gone to, attended, or returned from the proceedings" and they argue that this does not apply to Ghannan because he resides in Michigan and could be served whether or not he had attended the state-court conference. Plaintiffs also correctly note that the only case defendants cite in which § 600.1835 was applied to invalidate a service attempt involved a defendant who traveled from another state to attend a state-court proceeding in Michigan. *See Gist v. Romey*, 321 Mich. 357 (1948) (holding that defendant, who traveled to Michigan from Indiana to answer criminal charges,

---

[3] Section 600.1835(1) states: "All persons going to, attending, or returning from, any court proceedings in any action in which their presence is needed are privileged from service of process if service could not have been made on them had they not gone to, attended, or returned from the proceedings."

4

could not be served with civil process while attending those proceedings).

Section 600.1835 does not protect a defendant such as Ghannam, who resides in this state, from being served with process while he attends (or is traveling to or from) a state-court proceeding in Michigan. But this issue is moot because, as noted, the summons had expired by the time of this service attempt. Plaintiffs missed the May 20 deadline and have offered no convincing explanation for this failure. Plaintiffs' counsel says only that sometime after March 13 he "became ill and, after recovering, . . . was out of town until April 5, 2019," Pls.' Resp. at 5, but this does not explain plaintiffs' failure to serve defendants by May 20. Plaintiffs did hire a process server, exactly one week before the ninety-day service deadline expired, and he attempted to make personal service by going to Ghannam's office on three occasions. The Court may well have extended the summons or authorized substituted service if plaintiffs had filed a timely motion seeking such relief, but they have never done so. In short, plaintiffs have offered no convincing explanation for missing the service deadline and they have not asked the Court to extend the summons. Under these circumstances, dismissal of the complaint is plainly warranted. Accordingly,

IT IS ORDERED that defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) is granted. The balance of defendants' motion is denied.


                            s/Bernard A. Friedman
Dated: July 29, 2019        BERNARD A. FRIEDMAN
       Detroit, Michigan    SENIOR UNITED STATES DISTRICT JUDGE